# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | **CRIMINAL ACTION** |
| v. | ) | |
| | ) | No.  02-20003-CM |
| | ) | |
| THEDRAL R. HARDRIDGE, | ) | |
| | ) | |
| **Defendant.** | ) | |
| | ) | |

## MEMORANDUM AND ORDER

This case is before the court on Defendant's Motion for Reconsideration of His Motion for Downward Departure (Doc. 112).  Petitioner Thedral R. Hardridge was convicted in this court of illegal possession of a firearm by a convicted felon, in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2), and submitting a false statement, in violation of 18 U.S.C. § 922(a)(6).  The court calculated defendant's sentencing range to be between 78 to 97 months.  Before sentencing, defendant moved for a downward departure.  The court denied the motion and sentenced defendant to 88 months.  Defendant appealed, and the Tenth Circuit affirmed defendant's sentence.  *See United States v. Hardridge*, 149 Fed. Appx. 746, 750 (10th Cir. 2005).  Defendant now seeks reconsideration of his motion for downward departure.

A district court has ultimate discretion in its sentencing decisions.  *United States v. Montgomery*, 439 F.3d 1260, 1262 (10th Cir. 2006).  District courts possess the ability to decide whether to depart from the sentencing guideline range, so long as the sentence imposed is reasonable based on the factors presented in 18 U.S.C. § 3553(a).  *Id.* at 1262–1263.  Generally, appellate courts have no jurisdiction to review a district court's denial of downward departure.  *United States v.*

*Hamilton*, 413 F.3d 1138, 1146 (10th Cir. 2005).  The 10th Circuit Court of Appeals reviewed and affirmed the defendant's sentence in this case, comparing the district court's decision with *United States v. Lawrence* and stating that because "the court felt there were no mitigating factors that would justify a lower sentence," the district court's sentence should not be disturbed.  *Hardridge*, 149 Fed. App'x at 750 (*quoting United States v. Lawrence*, 405 F.3d 888, 908 (10th Cir. 2005)).

District courts have "'no inherent authority to modify a previously imposed sentence.'" *United States v. Sunday*, 66 Fed. App'x 167, 170 (10th Cir. 2003) (citation omitted).  District courts are "'authorized to modify a [d]efendant's sentence only in specified instances where Congress has expressly granted the court jurisdiction to do so.'"  *United States v. Price*, 438 F.3d 1005, 1007 (10th Cir. 2006) (citation omitted).  Statutory authority for modification of sentences can be found at 18 U.S.C. § 3582(c) and Fed. R. Crim. P. 35.  *Sunday*, 66 Fed. App'x at 170.

The relevant portions of 18 U.S.C. § 3582(c) provide that if a sentence has been imposed, it can be modified in any case (1)  upon motion from the Director of the Bureau of Prisons, if, after considering the factors set forth in 18 U.S.C. § 3553(a), the court finds extraordinary or compelling reasons warranting reduction and reduction is consistent with the  policy statements of the Sentencing Commission, or (2) in any situation expressly permitted by Fed. R. Crim. P. 35 or by statute.  18 U.S.C. § 3582(c).

Fed. R. Crim. P. 35 permits a district court to reduce a previously imposed sentence only "'[u]pon the government's motion.'"  *United States v. Roberts*, 190 Fed. App'x 717, 719 (10th Cir. 2006) (quoting Fed. R. Crim. P. 35)  The rule states that the government may make a motion to reduce a sentence only if the defendant provides substantial assistance in investigating or prosecuting another person, the reduced sentence aligns with the Sentencing Commission's policies

-2-

and guidelines, and the motion meets the specific criteria set forth in the rule.  Fed. R. Crim. P. 35.

Neither § 3582 nor Rule 35 allows a district court to hear a defendant's motion to reconsider his/her motion for downward departure presented at sentencing.  Because defendant's motion does not fall within one of the limited situations where a court may reduce a previously imposed sentence, the court must deny defendant's motion.

**IT IS THEREFORE ORDERED** that Defendant's Motion for Reconsideration of His Motion for Downward Departure (Doc. 112) is denied.

Dated this 13th  day of July 2007, at Kansas City, Kansas.

**s/ Carlos Murguia**
**CARLOS MURGUIA**
**United States District Judge**
