**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

| | |
|---|---|
| **THEDRAL R. HARDRIDGE,** ) | |
| ) | |
| **Petitioner,** ) | |
| ) | CIVIL ACTION |
| v. ) | |
| ) | Nos.   02-20003-CM |
| ) |         06-3220-CM |
| **UNITED STATES OF AMERICA,** ) | |
| ) | |
| **Respondent.** ) | |
| ) | |

**MEMORANDUM AND ORDER**

The case is before the court on petitioner's Motion Pursuant to 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence By a Person in Federal Custody (Doc. 109). On December 3, 2002, petitioner Thedral R. Hardridge was convicted in this court of illegal possession of a firearm by a convicted felon, in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2), and submitting a false statement, in violation of 18 U.S.C. § 922(a)(6). The court sentenced petitioner on June 2, 2003, to a term of imprisonment of 88 months. The Tenth Circuit affirmed petitioner's conviction and sentence. On August 8, 2006, petitioner filed this § 2255 motion. Petitioner asks the court to grant his motion for the following reasons: (1) the court should not have accepted his jury trial waiver and should not have allowed petitioner to stand trial because he was incompetent to do so; (2) his jury trial waiver was not in writing; and (3) he was denied effective assistance of counsel. Petitioner requests an evidentiary hearing on his motion, but the court finds a hearing unnecessary because the files and records before the court conclusively show that petitioner is not entitled to relief. For the following reasons, the court denies petitioner's motion.

## I. Standard of Review

Federal habeas relief is appropriate "[i]f the court finds that the judgment was rendered without jurisdiction, or that the sentence imposed was not authorized by law or otherwise open to collateral attack, or that there has been such a denial or infringement of the constitutional rights of the prisoner as to render the judgment vulnerable to collateral attack." 28 U.S.C. § 2255. When reviewing a § 2255 motion, "[t]he court presumes that the proceedings which led to [the] defendant's conviction were correct." *United States v. Nelson*, 177 F. Supp. 2d 1181, 1187 (D. Kan. 2001) (citing *Klein v. United States*, 880 F.2d 250, 253 (10th Cir. 1989)). To prevail, the petitioner must prove that the proceedings involved a "fundamental defect" causing a "complete miscarriage of justice." *Davis v. United States*, 417 U.S. 333, 346 (1974).

## II. Discussion

### A. Competency Standard

The standard for whether a defendant is competent to waive his right to a jury trial is the same as for determining if a defendant is competent to stand trial. *See Godinez v. Moran*, 509 U.S. 389, 391 & n.7 (1993) (holding that the competency standard for pleading guilty, which results in waiver of a jury trial, is the same standard as competency to stand trial). "[T]he standard for competence to stand trial is whether the defendant has 'sufficient present ability to consult with his lawyer with a reasonable degree of rational understanding' and has 'a rational as well as factual understanding of the proceedings against him.'" *Id.* at 396 (quoting *Dusky v. United States*, 362 U.S. 402 (1960) (per curiam)). "The presence of some degree of mental disorder in the defendant does not[,] [however,] necessarily mean that he is incompetent to . . . assist in his own defense." *Wolf v. United States*, 430 F.2d 443, 445 (10th Cir. 1970) (citations omitted).

### B. Ineffective Assistance of Counsel

The court applies the standard identified in *Strickland v. Washington*, 466 U.S. 668 (1984), when determining whether a habeas petitioner's counsel provided ineffective assistance. *See Romano v. Gibson*, 278 F.3d 1145, 1151 (10th Cir. 2002) (applying *Strickland*). Under *Strickland*, a petitioner bears the burden of satisfying a two-pronged test. First, he must show that his attorney's "performance was deficient" and "fell below an objective standard of reasonableness." *Strickland*, 466 U.S. at 687–88. Courts must apply a strong presumption that counsel's actions constitute "reasonable professional assistance" when deciding whether this first prong is satisfied. *Id.* at 689. Second, a habeas petitioner must demonstrate prejudice, which requires a showing that there is "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694. "A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.* "[T]here is no reason for a court deciding an ineffective assistance claim to . . . address both components of the inquiry if the [petitioner] makes an insufficient showing on one . . . . If it is easier to dispose of an ineffectiveness claim on the ground of lack of sufficient prejudice . . . that course should be followed." *Id.* at 697.

### 1. Failing to Raise Issue of Petitioner's Competency

Petitioner alleges that trial counsel was ineffective for allowing him to waive his right to a jury and to stand trial without first raising the issue of whether petitioner had the requisite mental capacity. Petitioner cannot satisfy the prejudice prong of *Strickland*. "'With respect to the prejudice prong of a claim of ineffective assistance of counsel, a petitioner need only demonstrate a reasonable probability that he was incompetent, sufficient to undermine confidence in the outcome.'" *Williamson v. Ward*, 110 F.3d 1508, 1519 (10th Cir. 1997) (quoting *Bouchillon v. Collins*, 907 F.2d 589, 595 (5th Cir. 1990)). Petitioner's failed suicide attempt, more than one year before waiving his

right to a jury, is insufficient to create a reasonable probability that petitioner was incompetent to stand trial or to waive his jury trial right. This court has held that psychological issues more than a year old are, alone, insufficient evidence to conclude that counsel fell below a standard of reasonableness for not raising the issue of competency. *United States v. Pappert*, 45 F. Supp. 2d 1231, 1236 (D. Kan. 1999). If such evidence is insufficient to raise a good faith doubt as to a petitioner's competency, then it surely is insufficient to create a reasonable probability that petitioner was, in fact, incompetent.

Although no doubt frustrating to petitioner, the physical damage to petitioner's face and his difficulty in making himself understood do not demonstrate a reasonable probability that petitioner was unable to understand the proceedings against him or communicate with his counsel with a "reasonable degree of rational understanding." Petitioner alleges that his inability to consult with his lawyer with a rational degree of understanding is evidenced by three defense attorneys seeking withdrawal. But the transcript from the hearing on defense counsel Brian Leininger's Motion to Withdraw reflects that petitioner was able to communicate with his attorney and participate in his case with a reasonable degree of rational understanding:

> My family said they talked to Jane or somebody in your chambers, and they . . . haven't got the paperwork, the motion to dismiss, the motions to . . . suppress . . . and the bond motion. [My counsel] tells me, oh, well, I filed them . . . . I'm telling him, well the court said that they haven't got'em . . . .
>
> [T]he last time [defense counsel came to visit me], he told me I should plead guilty . . . . He doesn't have [any] confidence in going to trial. I told him from the get-go, I want to go to trial. I want to plead my innocence. I'm not pleading guilty. . . .
>
> You know, this is my life on the line, so I'm checking to see if he did his homework, and you know, I caught him in the middle of a lie . . . [he's] been lying to me the whole time.

(Doc. 94, 9/23/02 Hearing Transcript, pp. 5–7.)

-4-

Defense counsel's reasons for withdrawing related to conflicts, such as that outlined above, between petitioner and his counsel resulting from petitioner's allegations of unprofessional conduct and a difference in opinion of how the case was being, and should be, handled. Counsel did not seek to withdraw because of petitioner's competency or inability to communicate with his attorneys with a "reasonable degree of rational understanding." The physical damage petitioner suffered, the speech issues resulting therefrom, and the defense counsel withdrawals do not demonstrate a reasonable probability that petitioner was incompetent to stand trial or waive his right to a jury.

Furthermore, petitioner's testimony demonstrates that he understood the proceedings brought against him and, based on the court's observations, that petitioner was lucid at all times. Petitioner testified as follows:

> Q: Was it your intent to violate the federal firearms laws by purchasing firearms in October and November of 2001?
> A: No.
> Q: Was it your intent to violate the federal firearms laws by possessing firearms in 2001?
> A: No.
> . . .
> Q: If you had been told that the sale of the firearm couldn't proceed –
> A: Then I wouldn't be here.

(Doc. 95, 12/3/02 Trial Transcript, pp. 125–26.)

Because petitioner recognized that he would not be in court had he not purchased the firearms, the court finds petitioner understood the proceedings brought against him—illegal possession of a firearm by a convicted felon, in violation of 18 U.S.C. §§ 922(g) and 924(a)(2), and submitting a false statement, in violation of 18 U.S.C. § 922(a)(6). Petitioner has not presented any evidence that demonstrates a reasonable probability that he was incompetent, sufficient to undermine confidence in the outcome. He, therefore, has not demonstrated prejudice.

Moreover, defense counsel was not objectively unreasonable for allowing petitioner to waive his right to a jury and to stand trial without first raising the issue of petitioner's competency. In *United States v. Philipose*, a psychologist who treated the defendant at the time of her guilty plea testified that the "'[defendant's] ability to make a rational decision and understand the consequences of that decision was greatly impaired.'" 163 F. App'x 636, 639–40 (10th Cir. 2005). The defendant also noted on her plea petition that she was under treatment for a mental or emotional condition. *Id.* Despite the foregoing facts, the Tenth Circuit held that defense counsel had no duty to consult with her doctors or otherwise receive an expert opinion as to her competence because (1) the defendant demonstrated no difficulty communicating with defense counsel about the case or the decision to plead guilty, (2) despite numerous meetings with the defendant, her husband, and her son, no one ever expressed concern about her competence, and (3) she never appeared distracted during her conversations with defense counsel. *Id.* at 641. Unlike in *Philipose*, where the defendant was actually being treated by a psychologist at the time of her plea, petitioner does not allege that he was under the care of a mental health professional at the time of trial or when he waived his jury trial right, or even that he had an established history of mental health problems.[1] Petitioner only offers his attempted suicide one year before trial as evidence that he was incompetent to stand trial and waive his jury trial right, which, as previously discussed, is insufficient to raise a good faith doubt as to a petitioner's competency. Although petitioner alleges that his counsel should have obtained documents relating to his hospital treatment and interviewed medical personnel that provided the related treatment, he alleges no specific or particularized facts about what information relating to his competence at the time of trial, or time of his waiver, such efforts would have produced.

---

[1] Petitioner does make a conclusory allegation that he had mental and emotional problems at the time of his first conviction in 1995. But he offers no evidence in support of this allegation. Furthermore, petitioner notes in his motion that there is "no long history of [his] mental problems."

-6-

Furthermore, as found relevant in *Philipose*, petitioner does not allege that he ever expressed concern to his attorneys that any mental or emotional suffering on his behalf affected his competence—his ability to think rationally or to make competent decisions.

In *United States v. Shaifer*, the Tenth Circuit held that defense counsel's performance was not deficient for failing to seek a competency evaluation when the record revealed nothing indicating the defendant was incompetent to plead guilty but, to the contrary, revealed the defendant had "fully participated in the proceedings, with a complete understanding of the charges against him." 94 F. App'x 756, 760 (10th Cir. 2004). The record lacks evidence suggesting that petitioner did not understand the proceedings against him or was unable to communicate with his attorneys with a reasonable degree of rational understanding. To the contrary, as previously discussed, the record demonstrates that petitioner participated in the proceedings with a factual and rational understanding of the charges against him and that he was able to communicate with his attorneys. Trial counsel was not objectively unreasonable for failing to raise the issue of petitioner's competency to stand trial or waive his right to a jury. Because petitioner has not demonstrated prejudice and because trial counsel's performance was not deficient, the court finds trial counsel was not ineffective for failing to raise the issue of petitioner's competence to stand trial or to waive his right to a jury.

**2.     Failing to Locate, Interview, and Subpoena Witnesses and Failing to File Pre-Trial Motions**

Petitioner alleges that trial counsel was ineffective for failing to locate, interview and subpoena the medical personnel involved with his treatment following his attempted suicide and for failing to file a pre-trial discovery motion to obtain the related medical records. The court has found that counsel did not have a duty to raise the issue of petitioner's competence and, even if such duty existed, petitioner was not prejudiced by defense counsel's failure to do so. Furthermore, petitioner

makes no specific or particularized allegations regarding what information his medical records contained that would support a finding of incompetence or as to what information medical personnel would have provided in regard to petitioner's competency to stand trial or waive his jury trial right. For these reasons, the court rejects petitioner's arguments that his counsel was ineffective for (1) failing to locate, interview, and subpoena the medical personnel that treated him following his suicide attempt and (2) failing to file a motion for discovery to obtain the hospital medical records relating to the suicide attempt.

**3.     Waiver of Jury Trial In Light of Election of the Defense of Entrapment By Estoppel**

Petitioner alleges that trial counsel was ineffective for waiving his right to a jury considering counsel's defense choice. In determining whether counsel was ineffective, the court must presume that "'the challenged action might be considered sound trial strategy.'" *Hatch v. Oklahoma*, 58 F.3d 1447, 1459 (10th Cir. 1995) (quoting *Strickland*, 466 U.S. at 687), *overruled on other grounds by Daniels v. United States*, 254 F.3d 1180, 188 n.1 (10th Cir. 2001). "An attorney's decision to waive his client's right to a jury is a classic example of a strategic trial judgment, 'the type of act for which *Strickland* requires that judicial scrutiny be highly deferential.'" *Id.* (quoting *Green v Lynaugh*, 868 F.2d 176, 178 (5th Cir. 1989) (per curiam)). To be constitutionally ineffective, "the decision to waive a jury must have been 'completely unreasonable, not merely wrong, so that it bears no relationship to a possible defense strategy.'" *Id.* (quoting *United States v. Ortiz Oliveras*, 717 F.2d 1, 4 (1st Cir. 1983)). Defense counsel noted in his opening statement that entrapment by estoppel is an "esoteric defense" that is "recognized in courts, but [which he felt] was appropriate for court review rather than a jury trial." Defense counsel also stated that the case was being tried to the court because very few facts were in contention. Waiving a jury trial was not unreasonable considering

-8-

that few facts were in contention and that the defense of entrapment by estoppel, although recognized by courts, could be very difficult for a lay person to understand.

Furthermore, petitioner has not shown prejudice resulting from the decision to waive his right to a jury. Petitioner alleges that a jury would not likely have found the "knowing" elements of §§ 922(a)(6) and 924(a)(2) satisfied. Petitioner suggests that the trial judge's statement, "[T]he evidence is clear the defendant believed . . . that he would not be violating the law if he purchased the firearms," (Doc. 96, 12/4/02 Trial Ruling Transcript, p. 7), demonstrates the judge's belief that the knowing elements were not satisfied and, therefore, it was likely a jury might have drawn the same conclusion and found petitioner innocent. The trial judge's statement is taken out of context, as it is directly followed by the statement "[t]hat was defendant's testimony." *Id.* The court then discussed other evidence indicating that defendant knew he was not to carry a firearm. *Id.* Moreover, the argument is based on a misunderstanding of the trial judge's findings.[2] Petitioner has not met his burden to prove that counsel's jury waiver bore no relation to a possible defense strategy or that it resulted in prejudice.

## 4.     Counsel's Failure to Ensure that Petitioner's Jury Trial Waiver was in Writing

Petitioner alleges trial counsel was ineffective for failing to ensure that his jury trial waiver was in writing. A defendant's fundamental right to trial by jury may be waived if: (1) the waiver is in writing; (2) the government consents; (3) the trial judge accepts the waiver; and (4) defendant's waiver is knowing, intelligent, and voluntary. Fed. R. Crim. P. 23(a). Petitioner has not raised a reasonable probability that, but for counsel's failure to put the waiver in writing, the result of the

---

[2] To the extent petitioner's statement that trial counsel "could have moved for a mistrial" is an allegation that trial counsel was ineffective for failing to move for a mistrial, petitioner's argument fails. This argument is centered around this same misunderstanding of the record. Petitioner has made no showing that defense counsel was unreasonable for failing to move for a mistrial or that he was prejudiced by any failure.

-9-

proceeding would have been different. Petitioner does not even allege that had the waiver been put in writing he would not have waived his jury trial right. Petitioner has not demonstrated a reasonable probability that the result of the proceedings would have been different and, therefore, petitioner has failed to demonstrate prejudice.

To the extent petitioner alleges his waiver was not voluntary because trial counsel "forced [the] ill-advised decision upon him" and because counsel waived petitioner's rights without petitioner's consent, or that his counsel was ineffective for the same reasons, petitioner's arguments fail. During an in-court colloquy, petitioner assured the court that he and his attorney had discussed the right to trial by jury, that he understood it was his constitutional right to have a jury trial, and that after going over the matter thoroughly with his attorney, it had been his decision to waive his right to a jury. The purpose of an in-court colloquy of this type is to ensure that the petitioner is making a knowing, competent, and voluntary waiver of his constitutional rights. If petitioner had been coerced or forced to waive his jury trial right, he would have made the court aware of this during the in-court colloquy rather than assuring the judge it had been his choice to waive his right to a jury. Because petitioner's competency claims fail, his competency is no excuse for assuring the judge it was his choice to waive this right if, in fact, it was not. It is clear from the record that petitioner's waiver was voluntary.

**5.  Failing to Prepare for Trial by Researching the Facts and Relevant Law**

Petitioner alleges that trial counsel was ineffective for failing to investigate the facts of the case and relevant law. Petitioner, however, has failed to specify any particular facts that went undiscovered as a result of this alleged failure. Furthermore, it is unclear what prejudice petitioner

alleges resulted from his counsel's alleged failure to investigate.³ Petitioner seems to be alleging that, had his counsel been familiar with the law, he would have sought a mistrial because the trial judge made a statement that was inconsistent with the court's ultimate finding that the knowing elements of §§ 924(a)(2) and 922(a)(6) were satisfied. In making his prejudice argument, petitioner relies on the trial judge's statement, "[T]he evidence is clear the defendant believed . . . that he would not be violating the law if he purchased the firearms." (Doc. 96, 12/4/02 Trial Ruling Transcript, p. 7.) As previously discussed, this statement made by the trial court is taken out of context, and the argument is based on a misunderstanding of the trial judge's findings. Petitioner has not demonstrated prejudice.

**6.      Failing to Challenge Petitioner's Prior Conviction as Unconstitutionally Applied**

Petitioner alleges that trial counsel was ineffective for failing to challenge his prior conviction as unconstitutionally applied. Whether petitioner alleges that his counsel should have challenged his prior conviction as unconstitutionally applied to satisfy the felony conviction element of § 922(g)(1) or as unconstitutionally applied to enhance his base offense level under U.S.S.G. § 2K2.1(a)(3) is unclear. Petitioner's counsel, however, was not ineffective with regard to either of the foregoing arguments. That a defendant have a valid felony conviction at the time of possessing a firearm is all that is required to be culpable under § 922(g)(1). *United States v. Cisneros-Cabrera*, 110 F.3d 746, 748 (10th Cir. 1997) (citing *Lewis v. United States*, 445 U.S. 55, 64–65 (1980)). "[T]he mere fact of a felony conviction is enough to satisfy the conviction element of § 922(g)(1), regardless of its ultimate reliability." *Id.* (citing *Lewis*, 445 U.S. at 67); *see also United States v. Mayfield*, 810 F.2d 943, 946 (10th Cir. 1987) (holding that even an invalid felony conviction is "a

---

³ Petitioner alleges that the defense of entrapment by estoppel presented by trial counsel was absurd but makes no allegations that other plausible defenses existed.

-11-

disability for the purpose of obtaining firearms"). Even if trial counsel had successfully argued that petitioner's prior conviction was unconstitutional, it would have had no bearing on the validity of the conviction at the time petitioner purchased the firearms. Therefore, petitioner cannot satisfy the prejudice prong of *Strickland*.

Additionally, a prior conviction used to enhance a federal sentence under the Sentencing Guidelines cannot be collaterally attacked at the time of sentencing. *See Custis v. United States*, 511 U.S. 485, 487 (1994) (holding that a prior conviction used to enhance a federal sentence under the Armed Career Criminal Act cannot be collaterally attacked at the time of sentencing, except when based on a complete denial of counsel); *United States v. Millan-Torres*, 139 F. App'x 105, 108 (10th Cir. 2005) (discussing and extending *Custis's* holding to sentences enhanced under the Sentencing Guidelines). Because such collateral attacks cannot be made, trial counsel had no duty to challenge the validity of the application of petitioner's prior conviction to enhance his base offense level and petitioner cannot establish prejudice.

**C.     The District Court Did Not Err By Accepting Petitioner's Waiver of His Right to Trial By Jury or By Failing to Order a Competency Hearing**

**1.     Procedural and Substantive Competency Claims**

A petitioner's competency claims can raise both substantive and procedural due process issues. *Walker v. Attorney Gen. of Okla.*, 167 F.3d 1339, 1343 (10th Cir. 1999). Petitioner raises a procedural competency issue by alleging the district court should have ordered a competency hearing sua sponte and a substantive competency issue by alleging he was incompetent to waive his right to a jury and to stand trial.

A petitioner is entitled to habeas relief on a procedural competency claim if the "trial court ignored evidence that, viewed objectively, raised a bona fide doubt as to the petitioner's competency to stand trial."[4] *Id.* at 1345 (citing *Drope v. Missouri*, 420 U.S. 162, 1880–81 (1975); *Carter v.*

---

[4] Procedural competency claims are subject to procedural bar. *Barnett v. Hargett*, 174 F.3d 1128, 1133 (10th Cir. 1999) (citing *Nguyen v. Reynolds*, 131 F.3d 1340, 1346 n.2 (10th Cir. 1997)). The government, however, did not raise this defense. The court could enforce the procedural bar sua sponte but, because the petitioner must be given notice of the defense and a chance to respond, it would not be efficient for the court to do so in this case. *See United States v. Wiseman*, 297 F.3d

(continued...)

*Johnson*, 110 F.3d 1098, 1105 n.7 (5th Cir. 1997); *Medina v. Singletary*, 59 F.3d 1095, 1106 (11th Cir. 1995)). "'Evidence of a defendant's irrational behavior, his demeanor at trial, and any prior medical opinion on competence are all relevant' to the bona fide doubt inquiry." *Id.* at 1346 (quoting *Drope*, 420 U.S. at 180). Petitioner was lucid at trial and displayed no irrational behavior during the proceedings. The court was not aware of any prior medical opinion relating to petitioner's competence. As previously discussed, petitioner's failed suicide attempt more than one year before trial is insufficient to raise a bona fide doubt as to his competency at the time of trial. Moreover, petitioner displayed his understanding of the nature of the proceedings against him, and his attorneys' motions to withdraw do not support petitioner's allegation of his inability to communicate with his attorneys. The record lacks evidence that would have raised a bona fide doubt as to petitioner's competency to stand trial or waive his right to a jury. Petitioner's procedural competency claim fails.

A petitioner making a substantive competency claim must "'demonstrate his or her competency by a preponderance of the evidence.'" *Id.* at 1344 (quoting *Medina*, 59 F.3d at 1106). A petitioner is entitled to a hearing on a substantive competency claim if he presents "'clear and convincing evidence' creating a 'real, substantial and legitimate doubt' as to his competence to stand trial." *Id.* Petitioner's failure to establish a bona fide doubt as to his procedural competency claim is dispositive of his substantive claim, which requires satisfaction of a more demanding standard. *See id.* at 1347 (rejecting the petitioner's substantive competency claim because he could not satisfy the lesser, "bona fide doubt" standard required to establish a procedural competency claim). Therefore,

---

[4] (...continued)
975, 979–80 (10th Cir. 2002) (choosing not to enforce a procedural bar sua sponte to an issue presented for the first time in defendant's § 2255 motion because, due to the notice requirement, it would not promote judicial efficiency).

petitioner's arguments that he was incompetent to waive his right to a jury and that he was tried while incompetent fail.

**2.      The Waiver was Not in Writing**

Petitioner alleges that the trial court erred by accepting his jury trial waiver because the waiver was not in writing. Petitioner did not raise this issue at trial or on direct appeal. "[F]ailure to raise an issue either at trial or on direct appeal imposes a procedural bar to habeas review." *United States v. Cervini*, 379 F.3d 987, 990 (10th Cir. 2004) (quoting *United States v. Barajas-Diaz*, 313 F.3d 1242, 1245 (10th Cir. 2002)). The procedural bar will not be applied if the defendant can show good cause for failing to raise the issue earlier and that he will suffer actual prejudice if the court refuses to consider the claim. *Id.* (citing *United States v. Frady*, 456 U.S. 152, 167 (1982)). Good cause can be shown if the defendant's claim is "'so novel that its legal basis [was] not reasonably available to counsel,'" *United States v. Wiseman*, 297 F.3d 975, 979 (10th Cir. 2002) (quoting *Reed v. Ross*, 468 U.S. 1, 16 (1984)), or if the defendant demonstrates that defense counsel was constitutionally ineffective, *id.* (citing *Coleman v. Thompson*, 501 U.S. 722, 753–54 (1991); *United States v. Kissick*, 69 F.3d 1048, 1054–55 (10th Cir. 1995)). Additionally, the court can reach the claims despite the procedural bar if the defendant demonstrates that failure to do so would result in a fundamental miscarriage of justice. *Cervini*, 379 F.3d at 990 (citing *Coleman*, 501 U.S. at 750).

Petitioner cannot show good cause because petitioner's counsel was not ineffective and because his claim is not novel since Rule 23(a) existed at the time of his appeal. Furthermore, petitioner has not shown that failure to address the claim will result in a miscarriage of justice. Petitioner is, therefore, procedurally barred from asserting this claim.[5]

---

[5] If the court were to address petitioner's claim, petitioner's argument would fail. The Tenth
(continued...)

**III.     Evidentiary Hearing**

An evidentiary hearing is not required if the files and records before the court conclusively show petitioner is not entitled to relief.  *United States v. Marr*, 856 F.2d 1471, 1472 (10th Cir. 1988)).  Furthermore, to be entitled to an evidentiary hearing, petitioner must "'allege[] facts which, if proved, would entitle him to relief.'"  *Hatch*, 58 F.3d at 1471 (quoting *Townsend v. Sain*, 372 U.S. 293, 312 (1963), *overruled in part by Keeney v. Tamayo-Reyes*, 504 U.S. 1 (1992)).  The "allegations must be specific and particularized, and not general or conclusory."  *Id.* (citing *Andrews v. Shulsen*, 802 F.2d 1256, 1266 (10th Cir. 1986)).  With regard to petitioner's specific and particularized allegations, the files and records before the court conclusively show that petitioner is not entitled to relief.  With regard to any general and conclusory allegations, an evidentiary hearing is not warranted.  Petitioner's request for an evidentiary hearing is denied.

**IT IS THEREFORE ORDERED** that the Motion Pursuant to 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence By a Person in Federal Custody (Doc. 109) is denied.

Dated this 18th day of July, 2007, at Kansas City, Kansas.

        **s/ Carlos Murguia**
        **CARLOS MURGUIA**
        **United States District Judge**

---

[5] (...continued)
Circuit does not require strict compliance with Rule 23(a) so long as the record clearly reflects that a defendant's waiver is intelligent, knowing and voluntary.  *United States v. Robertson*, 45 F.3d 1423, 1431 (10th Cir. 1995).  The court has already noted that during an in-court colloquy, petitioner assured the trial judge that he and his attorney had discussed the right to trial by jury, that he understood it was his constitutional right to have a jury trial, and that after going over the matter thoroughly with his attorney it had been his decision to waive his right to trial by jury.  This effectively demonstrates that petitioner's waiver was intelligent, knowing and voluntary.